UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RICHARD RICHARDSON,

                Plaintiff,                      **NOT FOR PUBLICATION**

        - against -                        **MEMORANDUM & ORDER**
                                                     19-CV-6911 (PKC) (LB)
OFFICER ROBINSON, Homeland Security
Officer and OFFICER JOHN DOE, Post
Cadman Plaza Post Office,

                Defendants.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On December 4, 2019, Plaintiff Richard Richardson, appearing *pro se*, filed this action against Defendants Officer Robinson of the Department of Homeland Security and Officer John Doe alleging violations of his civil rights. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's complaint is dismissed.

## BACKGROUND

        Plaintiff,[1] a homeless citizen who frequents the lobby of the Cadman Plaza post office, alleges that from January 2019 through November 22, 2019, Defendant Robinson, a Homeland

---

[1] Plaintiff is no stranger to this Court. He has filed the following cases in the Eastern District of New York: (1) *Richardson v. Diancira*, No. 19-CV-1208 (PKC) (dismissed for failure to state a claim); (2) *Richardson v. Simmons*, No. 17-CV-2479 (PKC) (same); (3) *Richardson v. Police Officer John Doe*, No. 16-CV-2407 (PKC) (same); (4) *Richardson v. City of New York*, No. 04-CV-4153 (ARR) (dismissed pursuant to a stipulation and settlement); (5) *Richardson v. N.Y.C. Kings County Hospital*, No. 05-CV-3415 (ARR) (same); (6) *Richardson v. YMCA*, No. 07-CV-2472 (ARR) (dismissed pursuant to a stipulation and settlement); (7) *Richardson v. N.Y.C.*, No. 07-CV-2672 (ARR) (transferred to Southern District of New York); (8) *Richardson v. N.Y.C.*, No. 09-CV-4647 (ARR) (dismissed pursuant to a stipulation and settlement); (9) *Richardson v. MTA*, No. 12-CV-5424 (ARR) (dismissed for lack of subject matter jurisdiction); (10) *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753 (ARR) (dismissed after bench trial); (11) *Richardson v.*

1

Security Officer stationed nearby, has repeatedly offered Plaintiff money for sex.[2] (Complaint, Dkt, 1, at ECF[3] 5). On November 15, 2019, Robinson allegedly increased the amount of money offered to Plaintiff and threatened to handcuff Plaintiff when he refused. (*Id.* at ECF 6.) On November 22, 2019, Defendant Robinson allegedly repeated his verbal harassment of Plaintiff and an unknown Defendant Officer witnessed the harassment. (*Id.* at ECF 7.) Plaintiff seeks an order directing Defendant Robinson "to stay away from me" and one million dollars in damages for violations of his civil rights. (*Id.* at ECF 7–8.)

## LEGAL STANDARD

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

*Amtrak Police*, No. 14-CV-1919 (ARR) (transferred to Southern District of New York); (12) *Richardson v. Wilson*, No. 15-CV-5607 (ARR) (dismissed for lack of subject matter jurisdiction).

[2] The facts set forth in this section are based on the allegations in the complaint, which the Court accepts, as it must, as true for the purposes of this Order. *See Lawrence v. Suffolk Cty. Police Dep't*, No. 13-CV-2357 (JS) (WDW), 2013 WL 3364344, at *1 (E.D.N.Y. June 28, 2013) (noting that "in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all allegations contained in the complaint are true") (citing *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013) (summary order)).

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

*v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citation omitted).

## DISCUSSION

Though Plaintiff invokes this Court's federal question jurisdiction, he does not provide a specific basis for its exercise. However, since Plaintiff asserts that he seeks damages for a "civil rights violation" by officers employed by a federal agency, the Court liberally construes this *pro se* complaint as arising under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*") as the only possible basis for the exercise of this Court's federal question jurisdiction. "A *Bivens* action is a judicially-created remedy designed to provide

individuals with a cause of action against federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007).

However, even liberally construing Plaintiff's allegations, Plaintiff fails to state a *Bivens* claim. Plaintiff alleges that Defendant Robinson "abused his power" and verbally harassed him. (Complaint, Dkt. 1, at ECF 5–7.) First, the Court notes that allegations of threatening language, without more, are insufficient to state a constitutional violation. *See, e.g.*, *Pelt v. City of New York*, No. 11-CV-5633 (KAM) (CLP), 2013 WL 4647500, at *13 (E.D.N.Y. Aug. 28, 2013) ("Indeed, courts in this Circuit have long held that mere verbal abuse is not a § 1983 violation, insofar as the mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.") (internal quotations, brackets, and citation omitted). Moreover, the types of claims eligible for relief under *Bivens* are more limited than the civil rights claims a plaintiff can bring against state actors pursuant to Section 1983. The Supreme Court has "made it clear that the *only* recognized implied rights of action were the narrow situations presented in *Bivens* [a Fourth Amendment unreasonable search and seizure claim], *Davis* [a Fifth Amendment due process claim], and *Carlson* [an Eighth Amendment cruel and unusual punishment claim], and lower courts must scrutinize attempts to expand the *Bivens* remedy, even where courts had assumed the availability of such a remedy." *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 57 (E.D.N.Y. 2017), *aff'd*, 755 F. App'x 67 (2d Cir. 2018). Plaintiff's allegations against Defendants[4] do not

---

[4] The Court notes that the only allegation against the unknown Defendant Officer is that he witnessed Defendant Robinson's abuse of Plaintiff and, presumably, failed to stop it. (*See* Complaint, Dkt. 1, at ECF 7.) Though Section 1983 recognizes "that law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence," *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (internal quotations and citation omitted), for the reasons discussed *supra*, it is likely that *Bivens* does not recognize such a claim, *see Johnson v. O'Connel*, No. 15-CV-2288 (NSR), 2018 WL 5085702, at *13 (S.D.N.Y. Oct. 17, 2018) (noting that it is unclear whether *Bivens*, as cabined by the Supreme Court, recognizes a failure to intervene claim). Furthermore,

fall into the any of these recognized *Bivens* claims. Accordingly, Plaintiff does not have a cognizable *Bivens* claim and his complaint against Defendants is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).[5]

**CONCLUSION**

For the reasons stated above, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: December 19, 2019
       Brooklyn, New York

---

even if the unknown Defendant Officer is a state or local police officer subject to Section 1983, "the absence of any underlying constitutional violations requires dismissal of [P]laintiff's failure to intervene claims." *Sharpe v. City of New York*, No. 11-CV-5494 (BMC), 2013 WL 2356063, at *9 (E.D.N.Y. May 29, 2013), *aff'd*, 560 F. App'x 78 (2d Cir. 2014). Given that Plaintiff has failed to allege a constitutional violation, *see Pelt*, 2013 WL 4647500, at *13, any failure to intervene claim necessarily fails as well.

[5] Though ordinarily the Court would allow Plaintiff an opportunity to amend his pleading, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), such an opportunity is not warranted here, as it is clear from the face of the complaint that any such amendment would be futile, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

5